UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUAN M. RIVERA | CIVIL ACTION |
| VERSUS | NO. 21-1807 |
| BOBBY LUMPKIN | SECTION "J" (2) |

## ORDER AND REPORT AND RECOMMENDATION

Petitioner Juan M. Rivera filed this petitioner for habeas corpus relief pursuant to 28 U.S.C. § 2254 which was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Rivera paid the filing fee but has not responded to the Clerk of Court's Notice of Deficiency requiring him to correct the caption of his pleading which indicated the court as the Southern District of Texas.  ECF No. 2.  Nevertheless, I find that his petition is sufficient for the court to dispose of this matter for lack of jurisdiction.[1]

## I.    Rivera is Not in Custody

28 U.S.C. § 2241(d) "gives the United States district courts jurisdiction to entertain petitions for habeas relief *only* from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'"[2]  Thus, to be eligible for federal habeas corpus relief, a

---

[1] Rivera also seeks relief not available in a habeas corpus proceeding.  Because he has been released, Rivera requests monetary relief related to his alleged wrongful conviction and incarceration.  However, monetary damages are not available in habeas corpus proceedings.  *Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973) (noting that "damages are not available in federal habeas corpus proceedings."); *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (same); *Tyson v. Tanner*, No. 08-4445, 2010 WL 4668344, at *1 (E.D. La. Nov. 5, 2010) (". . .monetary and other relief sought in this case are not available through habeas corpus, which is reserved for non-monetary relief from a state judgment of conviction and sentence.") (citing *Preiser*).

[2] *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)) (emphasis added); *accord* 28 U.S.C. § 2254(a).

petitioner must be "in custody" and have exhausted state court review of his claims.[3]  The United States Supreme Court has interpreted this statutory language to requires that, at the time the petition is filed, the habeas petitioner be in custody for the conviction or sentence under attack.[4]

Whether a petitioner is "in custody" is determined as of the date the federal habeas petition is filed.[5]  When the jurisdictional prerequisite of custody is met at the time of filing, jurisdiction is not defeated by the petitioner's subsequent release from custody.[6]  However, "a petitioner does not remain 'in custody' under a conviction after the sentence imposed for it has fully expired . . . ."[7]  When a habeas petitioner is no longer serving the sentence imposed pursuant to his challenged conviction, he cannot bring a federal habeas action directed solely at challenging that conviction.[8]

Rivera challenges the constitutionality of his 1988 conviction (obtained under his alias, Angelo Rosario) for murder in Harris County, Texas.[9]  ECF No. 1, at 1, 18.  He claims that after serving more than 33 years in prison, he was supposed to released.  However, the State of Texas turned him over to immigration authorities, and he was deported.  *Id*. at 18.  Rivera indicates in

---

[3] *Carty v. Thaler*, 583 F.3d 244, 253 (5th Cir. 2009); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987).
[4] *Lackawanna Cnty. Dist. Atty. v. Coss*, 532 U.S. 394, 400-01 (2001).  In *Lackawanna*, the Supreme Court recognized a single exception to this rule relating to Sixth Amendment claims of failure to appoint counsel during a plea.  No such claim is made in this case.  As explained by the Sixth Circuit in *Abdus-Samad v. Bell*, 420 F.3d 614, 630 (6th Cir. 2005), a three-justice plurality of the *Lackawanna* speculated that other exceptions to this rule of federal habeas non-reviewability might exist in other circumstances, including: (1) where a state court, without justification, has refused to rule on a properly presented constitutional claim; and (2) where a defendant subsequently obtains compelling evidence of his actual innocence.  *Accord Stanbridge v. Scott*, 791 F.3d 715, 722 & n.4 (7th Cir. 2015).  Even these exceptions do not apply here.
[5] *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *Port v. Heard*, 764 F.2d 423, 425 (5th Cir. 1985).
[6] *Carafas*, 391 U.S. at 238; *Port*, 764 F.2d at 425.
[7] *Stanbridge*, 791 F.3d at 718 (quoting *Maleng*, 490 U.S. at 492).
[8] *Lackawanna*, 532 U.S. at 400-01.
[9] *See Rosario v. Lumpkin*, No. 20-1046, 2021 WL 849987, at 1 (S.D. Tex. Jan. 26, 2021) (indicating that Rosario/Rivera was initially released on parole and then taken into custody by immigration), *report and recommendation adopted by* 2021 WL 848179, at *1 (S.D. Tex. Mar. 5, 2021).

2

his petition that he is "currently free and living in" Buenaventura Valle, Columbia, South America. *Id.* at 18.

"[F]or a court to exercise habeas jurisdiction over a petitioner no longer in custody, the petitioner must demonstrate that he was in custody at the time he filed the petition and that his subsequent release has not rendered the petition moot, i.e., that he continues to present a case or controversy under Article III, § 2 of the Constitution."[10] A case or controversy may continue to exist where "the petitioner is no longer detained but the claimed violation's adverse consequences continue."[11] In *Maleng*, however, the Supreme Court held that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."[12] Thus, while deportation is an adverse collateral consequence, it is not sufficient to render a petitioner "in custody" for purposes of habeas relief on the conviction leading to the deportation.[13]

Rivera has not established a continuing basis for any court to consider his § 2254 habeas corpus petition. Rivera was *not* in custody when he filed this petition. He also remains out of custody for purposes of challenging his 1988 conviction in Texas. His deportation does not resurrect or provide continuing jurisdiction in the federal courts. Therefore, the United States districts courts are without subject matter jurisdiction to consider his petition, and his petition should be dismissed for that reason.

---

[10] *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004) (emphasis in original) (citing *Spencer*, 523 U.S. at 7).
[11] *Nieto-Ramirez v. Holder*, 583 F. App'x 330, 332 (5th Cir. 2014).
[12] *Maleng*, 490 U.S. at 492.
[13] *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004) (citing *Maleng*, 490 U.S. at 492); *Campos-Conrrada v. Thaler*, No. 12-4190, 2012 WL 5845549, at *2 (N.D. Tex. Oct.23, 2012) ("The fact that petitioner was deported as a result of this conviction is not a sufficient restriction on his liberty to meet the 'in custody' requirement of § 2254(a)" (citations omitted)), *report and recommendation adopted by* 2012 WL 5844190, at *1 (N.D. Tex. Nov. 19, 2012).

## II.    **Improper Venue**

Even if Rivera could establish a continuing custody status, he has filed his petition in a court without jurisdiction.  The provisions of 28 U.S.C. § 2241(a) provide that the federal courts have jurisdiction to grant habeas corpus relief "within their respective jurisdictions."  Thus, venue in a habeas corpus action is proper in either the district court where the petitioner is in custody or in the district within which the petitioner was convicted and sentenced.[14]

In this case, Rivera was convicted in Harris County, Texas, which is located within the Houston Division of the Southern District of Texas.  28 U.S.C. § 124(b)(2).  The Southern District of Texas would be the federal district court with jurisdiction over this § 2254 petition.  Rivera has established no connection with the Eastern District of Louisiana and his Texas state court detention, conviction, or sentence for purposes of venue.  Rivera was not convicted within this district, and he is neither currently nor was he formerly detained in this district on the related sentence.  Venue under the habeas statute is jurisdictional.[15]  This court, therefore, has no authority to consider Rivera's petition challenging either a conviction or sentence that was not obtained or served within this court's jurisdiction.

The language of § 2241(b) permits "the Supreme Court, any justice thereof, and any circuit judge" to decline to entertain a petition and transfer it to a district court with jurisdiction to entertain it.  However, the statute contains no provision for a *district* court to transfer the petition to another district court.  In addition, the specific venue provision at § 2241(d) is clear in the second sentence that a permissible transfer is *only* for petitions filed in the same multi-district state and *only* from one district court *with* jurisdiction to another district court with jurisdiction.  This court

---

[14] 28 U.S.C. § 2241(d).
[15] *Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004); *Webb v. Beto*, 362 F.2d 105, 108 (5th Cir. 1966), *cert. denied*, 385 U.S. 940, *reh'g denied*, 386 U.S. 930 (1967).

4

is not in the state of Texas and thus does not have any basis to exercise jurisdiction over Rivera's petition.

Based on these considerations, this court is not a proper venue for Rivera's petition to have been brought.  As such, this Court lacks subject matter jurisdiction to address (or transfer) Rivera's petition.[16]

### III.    Successive Petition

Another jurisdictional (and transfer) barrier exists because Rivera filed a prior § 2254 habeas petition that was dismissed as time barred with prejudice in the Southern District of Texas.[17] The current petition is considered a prohibited second or successive petition under 28 U.S.C. § 2244 which provides that no district judge is required to entertain, and shall instead dismiss, a habeas petition or claim where the same conviction has been challenged in a prior petition on the merits.  28 U.S.C. § 2244(a), (b)(1)-(2).  Before a second or successive petition can be addressed by a district court, the petitioner must obtain authorization to file a second or successive petition from the appropriate federal circuit court of appeals.  28 U.S.C. § 2244(b)(3)(A).

Rivera has not indicated that he has obtained authorization from the United States Fifth Circuit Court of Appeal to proceed with a second or successive petition in any federal district court.  The records of that circuit court are devoid of any such authorization for Rivera.  Without that authorization, *no* district court has subject matter jurisdiction to consider this habeas petition.

### IV    Summary

This court lacks subject matter jurisdiction over Rivera's habeas petition because he is not in custody.  This court also is not a proper venue with jurisdiction to consider or transfer his petition

---

[16] *Accord Lee v. Wetzel*, 244 F.3d 370, 373-74 (5th Cir. 2001) (a court does not have discretion to transfer a habeas petition over which it lacks jurisdiction.)
[17] *Rosario*, 2021 WL 849987, at 1-2.

challenging a Texas state court conviction. In addition, Rivera has not sought authorization to file a second or successive petition. When the court determines that it lacks subject-matter jurisdiction, it *must dismiss the action*.[18] Accordingly, for the foregoing reasons, Rivera's § 2254 petition must be dismissed with prejudice for lack of subject matter jurisdiction.

## ORDER AND RECOMMENDATION

**IT IS ORDERED** that the Clerk of Court terminate the deficiency assigned to Rivera's petition for purposes of entering this Order and Report and Recommendation.

For the foregoing reasons, **IT IS RECOMMENDED** that Rivera's petition for habeas corpus relief under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[19]

New Orleans, Louisiana, this 6th day of January, 2022.



DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[18] FED. R. CIV. PROC. 12(h)(3) (emphasis added).
[19] *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996). *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.